UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**NETEXIT, INC.,** *et al.,*<br><br>Debtor. | Chapter 11<br><br>Case Nos. 04-11321 (JLP) |
| **NORTHWESTERN CORPORATION,**<br><br>Debtor. | Chapter 11<br><br>Case Nos. 03-12872 (JLP) |

*ORDER*

On June 29, 2004, the Debtors (Netexit and Northwestern) filed a motion authorizing the Debtors to pay COBRA Benefit purusant to 29 U.S.C. §§ 1161-1168, to former employees of Expanets, Inc., who had been participants in Netexit's Medical and Dental Plan ("Plan") and had elected COBRA continuation of benefits coverage when the Plan was terminated. On July 12, 2004, the Netexit Committee of Unsecured Creditors filed an objection to the motion to pay for benefits. (DK No. 103).

On November 1, 2004, the Court entered an order authorizing the Debtors to pay COBRA benefits to former employees of Expanets "subject to the right of the Official Committee of Unsecured Creditors to seek a determination that such payments are the obligation of the estate of Northwestern Corporation" rather than the obligation of the estate of Netexit. Accordingly, on November 3, 2004, the Committee filed a motion for reimbursement from Northwestern to Netexit for payments made pursuant to the order. Northwestern responded with its objection to reimburse the Netexit estate, and on December 8, 2004, the Court sustained the objection and

1

denied the Committee's motion for reimbursement. To make this record complete, I incorporate that order herein by reference. The Committee sought reconsideration of that order, which was again denied with a written order explaining the Court's position. The Committee nevertheless persisted in seeking reimbursement, to which objection was filed by both Debtors on January 10, 2005. Then on February 10, 2005, the Committee filed yet another motion for reimbursement, to which objections were filed on March 3, 2005. The Court took the pending motion and objections under advisement, again to revisit the issue.

The Court finds that subsequent to closing of the sale of Expanet's assets to Avaya, Inc., Netexit terminated its group health plan because it had no employees after the sale. To comply with COBRA, the former employees and their beneficiaries were allowed to join Northwestern's health plan as of January 1, 2004, so as to have continued health care benefits at discounted group rates. This successor liability by Northwestern, a matter of contract between the parties, was with the understanding that Netexit would continue to be entirely responsible financially for its own COBRA employee liabilities. As explained by the affidavit of Kenneth G. Kliewer, vice president of Netexit, pursuant to the COBRA order the Debtors have made and/or received payments and reimbursements from Allegiance Benefit Plan Management, the COBRA administrator of a net payout of $486,639.17. The Debtors have obtained insurance coverage for claims in excess of $250,000, which resulted in reimbursement from Elite Brokerage Services for COBRA benefits in excess of $250,000, namely $279,584.63 and $281,129.48. All of these related payments were contained in the monthly operating reports filed in the Chapter 11 case.

The bottom line is that because Northwestern agreed to integrate into its Plan the Netexit former employees who elected that COBRA coverage, the Debtors agreed to pay any shortfall between the premiums collected from those former employees and the actual claim amounts.

The funding notice to those employees does not, and cannot, allocate payments between the Debtors and Northwestern's estate. Allegiance made clear that both Debtors bear responsibility for payment of COBRA claims. Indeed, Netexit has consistently treated COBRA obligations of its former employees as its responsibility, paying such obligations both before and after the sale to Avaya.

Netexit argues that Northwestern hired Allegiance, and under the funding notice to the former employees, only Northwestern, not Netexit, was liable, so that Netexit is in fact erroneously paying Northwestern's obligations, thereby the pending motion. That position simply is not sustainable. Indeed, the Allegiance notice to former employees pursuant to "ERISA", 29 U.S.C. § 1024(d) (sec. 104(d)) expressly states "Funding of any claims for payment is the responsibility of Northwestern Corporation and/or its subsidiaries including Netexit. Allegiance records show that claims for Expanet's COBRA participants have not been funded by Netexit since May 24, 2004." The Committee makes a "rough guess" that the demand is in excess of $350,000.00, but that statement is totally rejected by Northwestern. The Committee asserts that according to Allegiance's records, Allegiance has received $1,118,937.30 from the Netexit Debtors "for administration of the NOR COBRA Plan". Ex. 'G'. Some of those checks are pre-petition. The simple fact is that such payments, along with those Northwestern payments, were made in accordance with the COBRA order of November 1, 2004, which authorized and directed both Debtors to pay such benefits. The Kliewer affidavit explains:

> Under the COBRA Order, the Debtors [Netexit] were authorized to pay COBRA continuation coverage benefits to former Expanets employees through the NOR health benefit plans. As the NOR plan is a self-insured plans, NOR has contracted with Allegiance Benefit Plan Management Inc. (Allegiance) an unaffiliated third-party COBRA administer, to collect premiums from the former Expanets' employees who have received COBRA continuation coverage and to pay their assorted claims.

3

Accordingly, there is simply no factual or legal basis or authority cited by the Committee to sustain its motion for reimbursement.

It is truly ironic, that if the Committee motion had merit, and Northwestern reimbursed the Netexit estate for $1,118,937.30, (evidently the sum sought by the Committee), such post-petition payment would have to be treated by the Netexit estate as an administrative expense, which the Committee does not challenge, thereby diminishing substantially any dividend benefit to the unsecured creditors.

**IT IS ORDERED** that the Motion fo the Official Unsecured Creditors Committee of Netexit Debtors for Reimbursement of Amounts Paid for COBRA benefits is denied.

DATED this 26th day of April, 2005.

BY THE COURT

_____
HON. JOHN L. PETERSON
United States Bankruptcy Judge
District of Delaware